# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

In the Matter of the Search of  )
*(Briefly describe the property to be searched*  )
*or identify the person by name and address)*  )
)   Case No.  1:20-sw-1646 through
9 DEVICES LISTED IN ATTACHMENT A CURRENTLY  )              1:20-sw-1654
LOCATED AT 6715 LITTLE RIVER TURNPIKE, SUITE  )
303, ANNANDALE, VIRGINIA 22003  )   **UNDER SEAL**

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A

located in the   Eastern   District of   Virginia   , there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841 and 846 | Distribution of, and Conspiracy to Distribute, Controlled Substances. |

The application is based on these facts:
SEE AFFIDAVIT

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Julie Whisenhunt*
Applicant's signature

DEA Special Agent Julie D. Whisenhunt
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
   telephone   *(specify reliable electronic means)*.

Digitally signed by Theresa Carroll Buchanan
Date: 2020.11.03 16:36:28 -05'00'

Date:   11/03/2020
Judge's signature

City and state:   Alexandria, Virginia       The Honorable Theresa C. Buchanan, U.S. Magistrate Judge
Printed name and title

## ATTACHMENT A

*Property to be searched*

The property to be searched is:

| Device | Description | Location Where Seized |
|---|---|---|
| **Device 1** **1:20-SW-1646** | A GRAY iPHONE, IMEI: 353232102082940 | I895 SB, Maryland [CLARK Vehicle Stop] |
| **Device 2** **1:20-SW-1647** | A BLACK iPHONE, IMEI: 352912116840448 | I895 SB, Maryland [CLARK Vehicle Stop] |
| **Device 3** **1:20-SW-1648** | A SILVER AND WHITE iPHONE, IMEI: 353237104483103 | I895 SB, Maryland [CLARK Vehicle Stop] |
| **Device 4** **1:20-SW-1649** | A BLACK iPHONE, IMEI: 353047098543709 | I895 SB, Maryland [CLARK Vehicle Stop] |
| **Device 5** **1:20-SW-1650** | A BLACK ETALK CELLULAR PHONE, IMEI: 354834109187017 | New York Avenue & 5th Street NW, Washington DC [CC-3 Vehicle Stop] |
| **Device 6** **1:20-SW-1651** | A WHITE LG CELLULAR PHONE, IMEI: 356284100052810 | New York Avenue & 5th Street NW, Washington DC [CC-3 Vehicle Stop] |
| **Device 7** **1:20-SW-1652** | A BLACK SAMSUNG CELLULAR PHONE, IMEI: 359619101166951 | New York Avenue & 5th Street NW, Washington DC [CC-3 Vehicle Stop] |
| **Device 8** **1:20-SW-1653** | A BLACK ONEPLUS CELLULAR PHONE, S/N: 2873326e | New York Avenue & 5th Street NW, Washington DC [CC-3 Vehicle Stop] |
| **Device 9** **1:20-SW-1654** | A ROSE GOLD iPHONE, IMEI: 353098102781389 | 33 Fairhill Lane Indian Head, MD (Spinner Address-1) |

The warrants authorize the forensic examination of the **Devices** for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

*Property to be seized*

1. All items to be seized on the **Devices** described in Attachment A are evidence, contraband, fruits, or instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) and 846 involving Rico SPINNER, Ola L'Chelle CLARK, and others, including, but not limited to:

   a. the nature, scope, extent and methods of operation of the drug trafficking activities in which Rico SPINNER, Ola L'Chelle CLARK, and others both known and unknown or not yet fully identified were engaged;
   b. the identities, roles, and telephone numbers of co-conspirators, accomplices, aiders and abettors, and other participants in such illegal activity;
   c. any conversations, whether through text messages or other applications, where Rico SPINNER, Ola L'Chelle CLARK, discussed controlled substances and firearms;
   d. the existence and location of apartments, residences, businesses and other premises used in the furtherance of the illegal activity;
   e. the methods of operation for transferring proceeds of illegal drug sales;
   f. the existence and location of records of the illegal activity;
   g. the existence, location, and source of resources used to finance the illegal activity;
   h. the existence and location of any other items or means used in furtherance of those activities;
   i. lists of customers and related identifying information;
   j. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;
   k. the dates, times, and details of the continued commission of the above-mentioned offenses;
   l. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);
   m. any photographs of controlled substances, packaging materials, or co-conspirators; and
   n. all bank records, checks, credit card bills, account information, and other financial records;
   o. evidence of the use of virtual private networks and the TOR network including, but not limited to, access of darknet marketplaces;
   p. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;
   q. records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

    r. passwords, encryption keys, PGP keys, recovery seeds, and other access devices that may be necessary to access the Devices;
    s. evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;
    t. evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;
    u. evidence of the attachment of other devices;
    v. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;
    w. evidence of the times the device was used;
    x. applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;
    y. records of or information about Internet Protocol addresses used by the device; and
    z. contextual information necessary to understand the evidence described in this Attachment B.

4. The search warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the DEA may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

5. If the government identifies seized communications to/from an attorney, the investigative team will discontinue review until a filter team of government attorneys and agents is established. The filter team will have no previous or future involvement in the investigation of this

matter. The filter team will review all seized communications and segregate communications to/from attorneys, which may or may not be subject to attorney-client privilege. At no time will the filter team advise the investigative team of the substance of any of the communications to/from attorneys. The filter team then will provide all communications that do *not* involve an attorney to the investigative team and the investigative team may resume its review. If the filter team decides that any of the communications to/from attorneys are not actually privileged (*e.g.,* the communication includes a third party or the crime-fraud exception applies), the filter team must obtain a court order before providing these attorney communications to the investigative team.